DAVID C. DIAMONDSTONE and JACOB J. FRANK, Copartners, Doing Business under the Firm Name and Style of SANFORD SWEATER CO., Plaintiffs, Appellants, *v.* HIRSH & FRIEDMAN, INC., Defendant, Respondent.

Supreme Court, Appellate Term, First Department, June 5, 1924.

Sales — action for breach of contract for manufacture of goods according to sample — instructions against weight of evidence and prejudicial to plaintiffs — judgment reversed.

A judgment for the defendant, in an action for the breach of a contract for the manufacture of goods according to sample, should be reversed where the trial court erroneously charged that if the defendant did its work " pursuant to the terms of the order and according to the sample which the defendant made for the plaintiffs " they should find against the plaintiffs, since the error was prejudicial in face of the proof, of which there was a preponderance in favor of the plaintiffs, that the goods were to be manufactured according to sample exhibited by them.

APPEAL by plaintiffs from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of defendant.

*Kornbluth & Pollock (Herman C. Pollock,* of counsel), for the appellants.

*Ralph Honig,* for the respondent.

Appellate Term, First Department, June, 1924.     [Vol. 123

*Per Curiam.* The record discloses a distinct issue of fact as to whether the agreement was, as testified to by plaintiffs' witnesses, that defendant was to manufacture the garments according to sample exhibited by plaintiffs to defendant, or, as testified to by defendant's witnesses, according to sample made by defendant and accepted by plaintiffs. It was error for the learned court to charge the jury, at the request of defendant, that if defendant did its work " pursuant to the terms of the order and according to the sample which the defendant made for the plaintiffs " they should find against plaintiffs and in favor of defendant on its counterclaim. As the preponderance of proof was strongly in favor of plaintiffs, this error was highly prejudicial.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellants to abide the event.

All concur; present, Guy, Gavegan and Mitchell, JJ.

Judgment reversed and new trial ordered.